**Elena ENDRIULIENE, Petitioner,**

v.

**John ASHCROFT, United States Attorney General Respondent.**

No. 02–4271.

United States Court of Appeals, Second Circuit.

Oct. 6, 2004.

---

\* As Endriuliene's deportation proceedings began before April 1, 1997, and the order of deportation in this case became final after October 30, 1996, we apply the transitional

Robert Tschudin Lucheme, Glastonbury, CT, for Petitioner.

David S. Rubenstein, Assistant United States Attorney (David N. Kelley, United States Attorney, Southern District of New York, Kathy S. Marks, Assistant United States Attorney, on the brief), New York, NY, for Respondent.

Present: WALKER, Chief Judge, STRAUB, Circuit Judge, and RAKOFF, District Judge.\*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Board of Immigration Appeals be and it hereby is **AFFIRMED.**

Petitioner Elena Endriuliene seeks review of an order of the Board of Immigration Appeals ("BIA") denying her application for asylum and withholding of removal, pursuant to, respectively, former §§ 208 and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) (amended 1996), 1253(h) (repealed 1996).\*

provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, § 309, 110 Stat. 3009–625. Pursuant to these provisions, Endriuliene's application for asylum and withholding of deportation is governed by the INA as it existed prior to IIRIRA's 1996

The BIA affirmed, without opinion, the Immigration Judge's ("IJ") decision that Endriuliene did not offer credible testimonial or sufficient documentary evidence in support of her application, and designated the IJ's decision as the final agency determination. We affirm.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we may review the IJ opinion directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings regarding eligibility for asylum and withholding of deportation under a "substantial evidence" standard, *see id.* at 306–07, upholding them where "supported by reasonable, substantial, and probative evidence on the record considered as a whole," *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000) (quoting 8 U.S.C. § 1105a(a)(4) (repealed 1996)). Pursuant to this standard, where a petitioner's challenge is predicated on the sufficiency of the IJ's factual findings, we will "reverse only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Id.* We accord "particular deference" to the IJ's determinations surrounding credibility. *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (quoting *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997)). Having carefully reviewed the record in this case, we conclude that the IJ articulated sufficient reasons for questioning the credibility of Endriuliene's testimony, and that his decision was supported by substantial evidence. We therefore affirm the IJ's denial of asylum.

Endriuliene, who seeks to avoid deportation to Lithuania, claims that she experienced past persecution and has a well founded fear of future persecution on account of her Russian nationality. She asserts that before she arrived in the United States from Lithuania in late 1993 she suffered harassment and intimidation at the hands of a Lithuanian nationalist group, the Lithuanian police, and various individuals motivated by anti-Russian animus.

In denying Endriuliene's application, the IJ pointed to, *inter alia,* several inconsistencies in her asylum application and testimony before the court. Among these were discrepancies in the dates and circumstances surrounding key events, including various alleged interrogations upon which her asylum claim was based, and conflicting accounts regarding the date of a beating and resulting miscarriage she claims to have sustained in 1993. Endriuliene did not resolve these discrepancies by providing corroborating documentary evidence regarding events she described during her testimony. The IJ considered her explanations for the lack of supporting documentation and found them unpersuasive. Moreover, neither the State Department Human Rights Report on Lithuania, nor any other background information cited by Endriuliene, describes anti-Russian persecution akin to that which she claims.

We have carefully considered Endriuliene's remaining arguments and find them to be without merit. Specifically, we reject summarily Endriuliene's challenge to the BIA's refusal to withhold deportation, which required that Endriuliene meet an even higher burden of proof than did her asylum claim. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is denied.

amendments. *See Henderson v. INS,* 157 F.3d 106, 117 (2d Cir.1998).